UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-20952-CR-COOKE

CARLTON WAYNE SMITH,

    Petitioner
vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

### ORDER DENYING PETITIONER'S WRIT OF ERROR CORAM NOBIS

THIS MATTER is before the Court on Petitioner Carlton Wayne Smith's Writ of Error Coram Nobis. (ECF No. 32) and Motion for Response on the Writ of Coram Nobis (ECF 35). For the reasons explained below, Petitioner's request for a writ is denied; the Motion for Response is denied as moot.[1]

### Discussion

The writ of coram nobis is an extraordinary remedy of last resort, "available only in compelling circumstances where necessary to achieve justice" and to correct errors "of the most fundamental character." *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000). The authority of a district court to issue a writ of error coram nobis under the All Writs Act, 28 U.S.C. § 1651(a) is limited in scope. *United States v. Morgan*, 346 U.S. 502, 509 n.2 (1954). As such, the remedy has traditionally been reserved "to bring before the court factual errors 'material to the validity and regularity of the legal proceeding itself,' such as the defendant's being under age or having died before the verdict." *Carlisle v. United States*, 517 U.S. 416, 426

---

[1] Petitioner filed Writs of Error Coram Nobis on December 21, 2011 (ECF 31) and January 26, 2012 (ECF 32). I entered an Order Denying Motion for Writ addressing (ECF 31) on March 28, 2012 (ECF 33).

(1996) (quoting *United States v. Mayer*, 235 U.S. 55, 69 (1914)).  It is "difficult to conceive of a situation in a federal criminal case today where that remedy would be necessary or appropriate." *Carlisle*, 517 U.S. at 429 (quoting *United States v. Smith*, 331 U.S. 469, 476 n.4 (1947).

The petitioner bears the burden to show that the claims were not previously put in issue or passed upon.  This burden requires a petitioner to establish "(1) 'there is and was no other available avenue of relief,' and (2) 'the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid.'"  *Jackson v. United States*, 375 F. App'x 958, 959 (11th Cir. 2010) (quoting *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000).

In his Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255, Petitioner raised the following claims: (1) the court lacked subject matter jurisdiction over the offense of conviction because the offense was unconstitutional as applied; (2) the immigration judge violated his constitutional rights during the Petitioner's removal proceedings; and (3) pursuant to *United States v. Ubaldo-Figueroa*, 347 F.3d 718 (9th Cir. 2009), Petitioner's conviction and sentence should be vacated because of the underlying deportation order used to convict him was entered in violation of his constitutional rights. (*See* Mot. to Vacate, *Smith v. United States*, Case No. 10-CIV-COOKE/WHITE, ECF No. 1).  In a lengthy and cogent Report and Recommendation, Magistrate Judge Patrick A. White considered each of Petitioner's claims and found that each claim lacked merit.  (*Id.*, ECF No. 24).  Judge White recommended that the Motion to Vacate be denied.  (*Id.*).  Petitioner did not file any objections to Judge White's legal conclusions.  On February 28, 2011, I adopted Judge White's Report and Recommendation, denied the Motion to Vacate, and closed the case. (*Id.*, ECF No. 25).

Through the Petition for Writ of Error Coram Nobis, Petitioner is attempting to re-litigate the same claims that have already been presented, considered and dismissed. As noted by the Supreme Court, coram nobis is inapplicable if the petitioner merely wishes to re-litigate criminal convictions. *See United States v. Addonizio*, 442 U.S. 178, 186-188 (1979). Accordingly, the Petition is hereby **DENIED**. As Petitioner's Writ of Error Coram Nobis has previously been responded to, the Motion for Response on the Writ of Coram Nobis (ECF 35) is **DENIED as moot.**

**DONE and ORDERED** in chambers at Miami, Florida this 25th day of April 2012.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Counsel of Record*

Carlton Wayne Smith
11001194
Liberty Correctional Institution
Inmate Mail/Parcels
11064 NW Dempsey Barron Road
Bristol, FL  32321
PRO SE